# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

               Plaintiff,     :     Case No. 1:16-cr-037
                                             Civil Case No. 1:19-cv-00932

                                             District Judge Susan J. Dlott
-  vs  -                                        Magistrate Judge Michael R. Merz

CHARLES RACHEL,

               Defendant.    :

## REPORT AND RECOMMENDATIONS

      This criminal case is before the Magistrate Judge upon referral by District Judge Dlott (ECF No. 45). It is one of a series of criminal cases with purported pending motions to vacate under 28 U.S.C. § 2255 transferred by the Chief Judge from District Judge Timothy Black to Judge Dlott.

      Upon initial examination, the Magistrate Judge finds the purported motion to vacate under 28 U.S.C. § 2255 (ECF No. 33) is actually a Motion for Reduction of Sentence under the "Holloway Doctrine." Defendant labeled the Motion as made under 28 U.S.C. § 2255 and this apparently prompted the Clerk to docket it as a § 2255 motion. Defendant admits that as a motion to vacate it is untimely under the relevant statute of limitations, 28 US.C. § 2255(f).

      In that motion, filed November 4, 2019, Defendant throws himself on the mercy of the Court and pleads his own reformation. However, the docket reflects that earlier this month

Defendant was found guilty of having violated the terms of is supervised release and was sentenced to twenty-four months imprisonment (ECF No. 44).

Given those circumstances, the Motion for Reduction of Sentence should be denied. If construed instead to be a motion to vacate under 28 U.S.C. § 2255, it should be dismissed with prejudice as barred by the statute of limitations.

March 22, 2024.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #